**Bao Ying DONG, Petitioner,**

v.

**U.S. DEPT OF JUSTICE, Attorney**

General Alberto GONZALES,*
Respondent.

Docket No. 03–40152.

United States Court of Appeals,
Second Circuit.

Aug. 8, 2005.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Leslie K. Herje, Assistant United States Attorney, for Stephen P. Sinnott, United States Attorney for the Western District of Wisconsin, for Respondent.

PRESENT: CALABRESI, RAGGI, Circuit Judges, and MURTHA,** District Judge.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review be DENIED.

Petitioner Bao Ying Dong, a citizen of the People's Republic of China, seeks review of a June 11, 2003 order of the Board of Immigration Appeals ("BIA") that denied a motion to reopen immigration proceedings that had originally ended when Dong failed, without explanation, to appear for her asylum hearing on September 16, 1997. Petitioner had sought to reopen her case on the basis of two children that were born to her after she entered the United States. In denying the motion, the BIA emphasized that at the time of her missed 1997 hearing, a) Dong already had one

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales has been substituted for former Attorney General John Ashcroft as the respondent in this case.

** The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

child, and b) Congress had amended the Immigration and Naturalization Act to allow asylum claims based on China's coercive family planning practices. *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208 § 309(c)(1) (1996). The BIA also stressed that petitioner did not file her motion to reopen until three years after she had her *second* child. In this petition for review, Dong argues, inter alia, that the BIA erred in denying her motion even though it has granted motions to reopen in purportedly factually similar and legally indistinguishable circumstances. We assume that the parties are familiar with the facts, the procedural history, and the scope of issues on appeal.

An order denying a motion to reopen is reviewed for abuse of discretion. *See Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001). "An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* (citations omitted).

■ Of importance to this case, a motion to reopen must generally be filed within 90 days of the issuance of a final decision. *See* 8 C.F.R. § 3.2(c)(2) (2001). Contrary to petitioner's contention, *In re X–G–W* did not create a general exception to this rule for asylum claims based on coercive family planning policies. *See In re X–G–W–,* 22 I. & N. Dec. 71 (BIA 1998).[1] Rather, that decision announced a

policy of granting untimely motions to reopen "where relief was initially denied on the ground that enforcement of a coercive population control policy does not amount to persecution." *Zheng v. Dep't. of Justice,* 416 F.3d 129 (2d Cir.2005) (per curiam). In the instant case, the original asylum application was denied in 1997 because petitioner failed to appear at her hearing. Since that decision was predicated on petitioner's failure to appear, and not on immigration law that predated Congress's 1996 amendments, Dong is not entitled to invoke the *In re X–G–W* exception.

■ Because that exception is unavailable—and because, even if it had been available, of petitioner's substantial delay in filing her motion to reopen after she had her second child—we conclude that the BIA did not abuse its discretion in denying her motion.

We have considered all of petitioner's remaining arguments and find them to be without merit. Accordingly, the petition for review is DENIED.

---

1. This BIA policy, itself, has recently been discontinued. *See Guan v. BIA,* 345 F.3d 47, 49 (2d Cir.2003) (noting that the BIA had terminated the policy it established in *In re X–G–W* because enough years had passed since the 1996 amendments, and "the interest in finality now takes precedence" over the need to "afford individuals both a means to promptly respond to the change in law and a reasonable period of time in which to do so")). This change in policy apparently occurred after petitioner filed her motion to reopen.