**Shi FENG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**Docket No. 03–40907AG.**

United States Court of Appeals, Second Circuit.

Sept. 22, 2005.

Shi Feng, Flushing, N.Y. (on submission), for Petitioner, pro se.

Joe A. Dycus, Assistant United States Attorney, for Terrell L. Harris, United States Attorney for the Western District of Tennessee, Memphis, Tenn. (on submission), for Respondent.

PRESENT: NEWMAN, CALABRESI, and STRAUB, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Shi Feng ("Feng"), a native and citizen of the People's Republic of China ("China"), appeals the BIA's denial of his motion to reconsider its earlier denial of a motion to reopen his deportation proceedings pursuant to 8 C.F.R. § 1003.2(c). We presume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal, which we reference only as necessary to explain our decision.

The BIA affirmed the Immigration Judge's final order of exclusion and deportation against Feng by a *per curiam* order entered March 5, 1998. More than five years later, on April 7, 2003, Feng filed a motion to reopen proceedings on the grounds that he had since married, and that his wife had given birth to two children. Feng argued that he and his wife, a Chinese citizen, would, if returned to China, be forcibly sterilized for violating China's "one child" family planning policy.

The motion was denied as untimely. *Matter of Shi Feng,* A73–148–615—New York (BIA July 23, 2003). Under 8 C.F.R. § 1003.2(c)(2), a motion to reopen ordinarily must be filed within 90 days of a final administrative order. Although the regulations provide an exception to the time limits where the applicant can demonstrate "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered," 8 C.F.R. § 1003.2(c)(3)(ii), the Board held that the birth of children in the United States did not qualify as "changed circumstances" as contemplated by the regulation.

Feng filed a timely motion asking the BIA to reconsider its denial of his motion to reopen. He reiterated that his personal circumstances had changed, and added that his wife's own application for asylum was pending and likely to be granted.[1] The motion was denied on the ground that Feng had failed to identify an error of law or fact in its previous decision. *Matter of Shi Feng,* A73–148–615—New York (BIA Oct. 21, 2003) (citing *Matter of Cerna,* 20 I. & N. Dec. 399 (BIA 1991)).

We review the BIA's denial of a motion to reconsider one of its own decisions for abuse of discretion. *Pichardo v. Ashcroft,* 374 F.3d 46, 55 (2d Cir.2004). Our court recently held that a change in "personal" circumstances, such as the birth of a child in the United States, does not fit under the "changed circumstances" exception to 8 C.F.R. § 1003.2(c). *Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130 (2d Cir.2005) (per curiam). Although we had not so held at the time of the Board's denial of Feng's motion to reconsider, we had stated as much in dicta. *See Jian Huan Guan v. BIA,* 345 F.3d 47, 49 (2d Cir.2003) (per curiam). Accordingly, we are unable to say that the BIA abused its discretion in finding that it had not committed an error of law or fact in denying Feng's motion to reopen.

We have considered all of Feng's claims and find them to be without merit. The petition for review and motion for stay of removal are therefore DENIED.

---

1. Feng's wife's has since been granted conditional asylum. *Matter of Yi Mei Weng,* No. A96–241–385—New York (IJ Oct. 25, 2004). We note that, although the Immigration and Nationality Act prohibits successive asylum applications, 8 U.S.C. § 1158(a)(2)(C), such an application may nonetheless be considered if the applicant can demonstrate to the Attorney General's satisfaction "changed circumstances which materially affect the applicant's eligibility for asylum." 8 U.S.C. § 1158(a)(2)(D). We offer no comment on the merits, in Feng's case, of such a petition.