Jian Huan GUAN, Petitioner,

v.

BOARD OF IMMIGRATION
APPEALS, Respondent,

Docket No. 02–4064.

United States Court of Appeals,
Second Circuit.

Submitted: Aug. 25, 2003.

Decided: Sept. 4, 2003.

Publication Ordered: Sept. 25, 2003.

Tao Lin, Caesar & Napoli, New York,
NY, for Petitioner.

Michael M. Krauss, Assistant United
States Attorney (James B. Comey, United
States Attorney for the Southern District
of New York, Kathy S. Marks and Mere-
dith E. Kotler, Assistant United States
Attorneys, of counsel), New York, NY, for
Respondent.

Before: MESKILL, MINER, and
STRAUB, Circuit Judges.

PER CURIAM:

Jianhuan Guan ("Guan"), a native and citizen of the People's Republic of China ("China"), petitions this Court pursuant to section 106(a) of the Immigration and Nationality Act of 1952 ("INA"), as amended, 8 U.S.C. § 1105a(a) (1994), for review of a February 13, 2002 decision of the Board of Immigration Appeals ("BIA") denying Guan's motion to reopen deportation proceedings. Because proceedings were initiated against Guan prior to April 1, 1997, and the BIA did not issue its final deportation order until after October 30, 1996, we have jurisdiction under 8 U.S.C. § 1105a(a), see Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208 § 309(c)(1) (1996). For the following reasons, we deny the petition for review.[1]

In the underlying proceeding, the BIA denied Guan's motion for reopening as untimely, as Guan did not move to reopen within 90 days of the entry of her final deportation order as required by 8 C.F.R. § 3.2(c)(2) (2001). Indeed it is undisputed that Guan did not move for reopening until August 13, 2001 more than two years after the BIA issued a final deportation order.[2] In support of her motion for reopening, Guan stated that both of her sons were born in the United States and that she and her husband were planning to have another child, hopefully a girl. In light of the birth of her two children, Guan argued that she would be subject to forced sterilization if deported to China and sought to introduce the following evidence in support of reopening: (1) the birth certificates of her two sons, (2) a letter from her parents warning of the danger of forced-sterilization in Wenzhou City, the family's hometown in China, and (3) a purported sterilization certificate for her cousin who allegedly also had two children and lived in the suburbs of Wenzhou.

■ We review the BIA's conclusions of law de novo, but where the BIA has applied the correct law, its decision to deny reopening is reviewed only for abuse of discretion. See Iavorski v. U.S. Immigration & Naturalization Serv., 232 F.3d 124, 128 (2d Cir.2000).

■ On appeal, Guan acknowledges that her motion for reopening is untimely but argues that the BIA's own precedent provides for an exception to the 90–day deadline where the BIA previously denied asylum on the basis that the mere enforcement of coercive population control policies could not, by itself, create a well founded fear of persecution qualifying an applicant for asylum. See In re X–G–W, 22 I. & N. Dec. 71, 1998 WL 378104 (BIA June 25, 1998) (noting that § 601 of the IIRIRA amended the definition of "refugee" to include individuals who have been, or would be subject to coercive population control programs, and that the reopening of otherwise untimely asylum claims would be permitted to eliminate potential prejudice caused by this fundamental change in

1. Our decision in this appeal originally appeared in an unpublished summary order, issued on September 4, 2003. The government subsequently moved to have the decision published. Because we are persuaded that this decision may have some precedential value, we grant the motion and publish our disposition.

2. In the July 30, 1999 final deportation order, the BIA affirmed the Immigration Judge's denial of Guan's application for asylum and withholding of deportation. The order further states that Guan "shall be deported" unless she voluntarily departs within 30 days. Guan did not depart voluntarily within the required period, nor did she petition this Court for review of the BIA's deportation order.

the law).[3] However, the BIA correctly determined that Guan is not covered by the policy articulated in *In re X–G–W,* as Guan's asylum claim was denied on June 12, 1998 well after the enactment of IIRIRA § 601. Indeed, in his oral decision, the Immigration Judge specifically quoted the relevant provisions of § 601—leaving no doubt that he applied the correct standard. Thus, there is no indication that Guan was potentially prejudiced by the statutory change so as to justify reopening of her deportation proceedings.

■ Guan also argues on appeal that she is entitled to an extension of the 90–day deadline for moving for reopening "based on changed circumstances ... in the country to which deportation has been ordered." 8 C.F.R. § 3.2(c)(3)(ii) (2002). It does not appear that this argument was ever presented to the BIA, and in any event, Guan's evidence is essentially of changed personal circumstances in the United States based on the birth of her two sons, evidence which does not fit under the exception set forth in 8 C.F.R. § 3.2(c)(3)(ii).

Although we find no legal error or abuse of discretion in the BIA's denial of Guan's motion for reopening, another administrative remedy may still be open to Guan. Under 8 U.S.C. § 1158(a)(2)(D), an alien may request permission to file a successive, untimely asylum application based upon "changed circumstances which materially effect [her] eligibility for asylum." The government agrees that the definition of such "changed circumstances" provided by 8 C.F.R. § 208.4(a)(4) (2003) encompasses changed personal circumstances arising in the United States. While the government argues that this Court lacks jurisdiction to review the discretionary de-

nial of permission to file a successive petition under 8 U.S.C. § 1158(a)(3), Guan may still pursue this relief even if further judicial review is unavailable.

For the foregoing reasons the petition for review is DENIED.

---

**3.** The BIA has subsequently discontinued this policy. *See In re G–C–L,* 23 I. & N. Dec. 359, 362, 2002 WL 1001051 (BIA Apr. 10, 2002) (discontinuing policy for motions filed 90 days after April 10, 2002).