**Song Jian CHEN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–4080.

United States Court of Appeals, Second Circuit.

June 23, 2004.

Theodore N. Cox, NY, NY, on Submission for Petitioner.

David S. Rubenstein, Assistant United States Attorney, of Counsel for the Southern District of New York, for Respondent.

PRESENT: WINTER, JACOBS and STRAUB, Circuit Judges.

*SUMMARY ORDER*

Song Jian Chen ("Chen"), a native and citizen of the People's Republic of China, petitions this Court to review an April 27, 2001 order of the Board of Immigration Appeals ("BIA" or "the Board") denying as untimely his motion to reopen deportation proceedings. In February 2000 the BIA affirmed an Immigration Judge's March 1997 decision denying Chen's request for asylum and ordering him deported. Nine months later, Chen filed a motion to reopen on the ground that he faced a well-founded fear of persecution under

China's "one couple, one-child" policy, which the Board denied. Familiarity is assumed as to the facts, procedural context, and the specification of appellate issues. The BIA's denial of Chen's motion to reopen was not an abuse of discretion; his petition for review is therefore denied.

We review the BIA's conclusions of law *de novo*, but where the BIA has applied the correct law, its decision to deny reopening is reviewed only for abuse of discretion. *Guan v. Board of Immigration Appeals*, 345 F.3d 47, 48 (2d Cir.2003) (per curiam). With certain statutory exceptions, petitions to reopen deportation proceedings must be filed within 90 days of the BIA's final order of deportation. *See* 8 C.F.R. § 3.2(c)(2) (2001), now codified at 8 C.F.R. 1003.2 (Feb. 28, 2003); *Iavorski v. U.S. INS*, 232 F.3d 124, 131 (2d Cir.2000) (discussing exceptions); *In re X–G–W*, 22 I. & N. Dec. 71, 72–73, 1998 WL 378104 (B.I.A. June 25, 1998) (same), *superceded by In re G–C–L*, 23 I. & N. Dec. 359, 2002 WL 1001051 (BIA Apr. 10, 2002). The only exception arguably beneficial to Chen is the "Board's authority 'to reopen or reconsider on its own motion in any case in which [it has] rendered a decision.' " *In re X–G–W*, 22 I. & N. Dec. at 71 (quoting 8 C.F.R. § 3.2(a)). That power is invoked "sparingly, ... not as a general remedy for any hardships created by enforcement of the time and number limits in the motions regulations, but as an extraordinary remedy reserved for truly exceptional situations." *In re G–D–*, 22 I. & N. Dec. 1132, 1999 WL 1072237 (BIA Nov. 23, 1999).

The BIA elected not to exercise its *sua sponte* authority to reopen Chen's proceedings because his delay in making the motion—six months after the 90–day deadline—was unexcused. Chen sought reopening on the ground that, as a father of two, he feared persecution upon his return to China under its "one couple, one-child" policy. However, his children were born in 1998 and 1999, before the BIA denied his *initial* appeal in February 2000. It is unexplained why Chen waited nine months to raise China's population control program as a basis for his fear of persecution rather than, *e.g.*, (i) raising the issue in a motion to the BIA while his initial appeal was pending, or (ii) making a motion for reconsideration within 30 days of the final order of deportation pursuant to 8 C.F.R. § 3.2(b) (now codified at 8 C.F.R. § 1003.2(b)), or (iii) making a motion to reopen within 90 days of the final order. The BIA did not abuse its discretion in denying the motion as untimely. *See, e.g., Guan Shan Liao v. U.S. Dep't. of Justice*, 293 F.3d 61, 73 (2d Cir.2002).

Chen relies on the Board's undertaking in *In re X–G–W*, to reopen deportation proceedings

> for asylum claims based on coercive family planning policies, which might otherwise be barred [as untimely] by 8 C.F.R. § 3.2(c)(2), where the alien had previously presented persuasive evidence of persecution based on China's "one couple, one child" policy, and where the Board previously denied asylum based on [precedent preceding the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") ]."

22 I. & N. Dec. at 74. However, despite numerous opportunities, Chen has presented no evidence of persecution based on China's "one couple, one child" policy, nor has the BIA previously denied him asylum based on pre-IIRIRA precedent. Chen is therefore not among the potential beneficiaries of *In re X–G–W* (which announces a policy that has been discontinued, *see Guan*, 345 F.3d at 49 n. 3; *In re G–C–L*, 23 I. & N. Dec. at 362), nor has he offered any other grounds suggesting that the BIA's denial was an abuse of discretion. This disposition does not foreclose any other avenue of statutory relief, whether timely or untimely, that Chen may pursue.

In particular, as we noted in *Guan*, discretionary relief to file a successive, untimely asylum application based upon "changed circumstances which materially affect the applicant's eligibility for asylum" may be available pursuant to 8 U.S.C. § 1158(a)(2)(D). *Guan*, 345 F.3d at 49; *see also Najjar v. Ashcroft*, 257 F.3d 1262, 1280–81 n. 8 (11th Cir.2001); 8 C.F.R. § 208.4(a)(4).

The petition for review is **DENIED**.

Chen moved prior to oral argument for a stay of deportation pending the outcome of this appeal, which the government does not oppose. The motion is therefore **GRANTED**. Chen's deportation is hereby stayed for a period of twenty-one days beginning with the entry of this order.