Xiu Gen LIN, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, ATTORNEY GENERAL ASHCROFT, Respondent.

No. 02–4593.

United States Court of Appeals, Second Circuit.

April 5, 2005.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Susan W. Berry, Trial Attorney, (Peter D. Keisler, Assistant Attorney General, Linda S. Wernery, Senior Litigation Counsel, on the brief), U.S. Department of Justice, Washington, D.C., for Respondent.

Present: WALKER, Chief Judge, CARDAMONE, Circuit Judge, and OWEN, District Judge.*

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the Board of Immigration Appeals hereby is **AFFIRMED,** and the petition for review is **DENIED.**

Petitioner Xiu Gen Lin seeks review of a September 26, 2002, Board of Immigration Appeals ("BIA") order denying his second motion to reopen exclusion proceedings, following an immigration judge ("IJ") decision rejecting Lin's application for asylum and withholding of exclusion and ordering him excluded and deported from the United States. In his petition, Lin argues that the BIA erred in (1) neglecting its own precedent providing for an exception to the numerical bar on motions to reopen where such motions concern asylum claims based on China's coercive family planning

---

* The Honorable Richard Owen, of the United States District Court for the Southern District of New York, sitting by designation.

542

policy; (2) failing to reopen exclusion proceedings where Lin offered to submit additional evidence concerning his forced sterilization claim; and (3) failing to reopen proceedings where the facts of Lin's case indicated that he was entitled to relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), which had not been available at the time of Lin's hearing before the IJ. Familiarity with the facts and procedural history is assumed. We affirm the BIA's decision and deny Lin's petition.

We review a BIA decision denying a motion to reopen for abuse of discretion. *See Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001). "An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements...." *Id.* (citations omitted). At all times relevant to Lin's petition, the Immigration and Naturalization Service regulations governing motions to reopen have provided that "a party may file only one motion to reopen deportation or exclusion proceedings," subject to limited exception. *See* 8 C.F.R. § 3.2(c)(2) (2002) (redesignated at 8 C.F.R. § 1003.2(c)(2)).

▮ Contrary to Lin's assertions, there is no BIA precedent establishing a general exception to this rule in the case of aliens seeking asylum based on alleged forced sterilization. The decisions to which Lin alludes, *see, e.g., In re X–G–W–*, 1998 WL 378104, 22 I. & N. Dec. 71, 1998 BIA LEXIS 18 (June 25, 1998), apply only to cases where such aliens have previously been denied asylum by the BIA based on *In re Chang*, 1989 WL 247513, 20 I. & N. Dec. 38, 1989 BIA LEXIS 13 (May 12, 1989), an earlier BIA decision that had held that China's family planning policy was not persecutory on its face. *See In re G–C–L–*, 2002 WL 1001051, 23 I. & N. Dec. 359, 361, 2002 BIA LEXIS 10 (April 10, 2002) ("We stated [in *X–G–W–*] that we would grant reopening where the alien had presented persuasive evidence of persecution based on China's 'one couple, one child' policy, and where we had previously denied asylum based on [*Chang*]."). As the original BIA order affirming the IJ's denial of asylum in Lin's case was predicated on the IJ's adverse credibility findings, and not on *Chang*, Lin is not entitled to invoke this exception. *Cf. Guan v. Bd. of Immigration Appeals*, 345 F.3d 47, 49 (2d Cir.2003) (petitioner not entitled to exception in filing untimely motion to reopen where IJ decision denying asylum not predicated on *Chang*).

Because the BIA decision on review before us denied Lin's motion to reopen pursuant to the numerical limits prescribed by INS regulations, and as Lin has not demonstrated that his case falls within an exception to those regulations, the BIA did not abuse its discretion in denying the motion.

We have carefully considered Lin's remaining arguments and find them to be without merit.

For the reasons set forth above, the decision of the Board of Immigration Appeals is hereby **AFFIRMED** and the petition for review is **DENIED**.