**Wing Yi HO, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

No. 03–2284.

United States Court of Appeals, First Circuit.

April 19, 2005.

Karen Jaffe on brief for petitioner.

Peter D. Keisler, Assistant Attorney General, Douglas E. Ginsburg, Senior Litigation Counsel, and John D. Williams, Trial Attorney, Office of Immigration Litigation, Civil Division, on brief for respondent.

Before LYNCH, LIPEZ, and HOWARD, Circuit Judges.

PER CURIAM.

Petitioner Hang Yu Lu (a.k.a. Wing Yi Ho), a native and citizen of China, petitions for review of a decision of the Board of Immigration Appeals (BIA) affirming the denial by an immigration judge (IJ) of her motion to reopen her removal proceedings to apply for political asylum. Lu, who entered the country under a fraudulent passport and was ordered removed *in absentia* (for failing to appear at her removal hearing) on October 30, 1997, filed her motion on January 22, 2003. The motion was therefore untimely, *see* 8 C.F.R. § 1003.23(b)(1) (motions to reopen are to be filed "within 90 days of the date of entry of a final administrative order of removal"), absent application of an exception to the timeliness requirement.

Lu argued to the immigration judge with whom she filed her motion that her case was within the exception which provides that "[t]he time ... limitations set forth in [§ 1003.23(b)(1)] ... shall not ap-

ply if the basis of the motion is to apply for asylum ... and [the motion] is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered." 8 C.F.R. § 1003.23(b)(4)(i). Specifically, Lu asserted that a change in her situation since her removal order—she has since married and given birth to two sons—has rendered her likely to be persecuted under China's coercive population control policy. The IJ, after accepting the Attorney General's late-filed opposition to Lu's motion, denied the motion on timeliness grounds without explicitly considering the applicability of § 1003.23(b)(4)(i). Lu appealed this denial to the BIA, which upheld the IJ's decision on alternative grounds: that Lu had failed to make a *prima facie* showing of eligibility for asylum (which requires objective evidence of a ten percent likelihood of persecution, *see Civil v. INS*, 140 F.3d 52, 59 (1st Cir.1998))—a threshold requirement for an award of relief on a motion to reopen. *See Fesseha v. Ashcroft*, 333 F.3d 13, 20 (1st Cir.2003) (citation and internal quotation marks omitted). The BIA also noted that, in any event, the IJ was empowered to deny the motion even had Lu made such a *prima facie* showing. *See* 8 C.F.R. § 1003.23(b)(3).

Lu has petitioned for review of the BIA's determination, but she has not developed any argument that the BIA's rationale for upholding the IJ was erroneous. Rather, she has challenged only the BIA's authority to uphold the IJ's ruling on a discretionary ground on which the IJ did not himself rely—his power to deny the motion to reopen even had Lu made a *prima facie* showing of eligibility for asylum—and the BIA's refusal to vacate the denial on the ground that the IJ had considered the Attorney General's out-of-time opposition to her motion.[1] Because nei-

---

1. The IJ primarily considered the Attorney General's opposition in its analysis of the re-

quirement of notice of the hearing, which Lu does not challenge in her petition.

ther of these assertions of error, even if credited *arguendo,* undermines the BIA's stated rationale for dismissing Lu's challenge to the denial of her motion, Lu has failed to provide us with grounds for upsetting the BIA's judgment. *Cf. United States v. Zannino,* 895 F.2d 1, 17 (1st Cir.1990) (undeveloped arguments are deemed forfeit).

Accordingly, we *deny* Lu's petition. In doing so, we note that, in any event, Lu's motion to reopen appears to have been untimely because a mere change in an asylum applicant's *personal* circumstances does not entitle the applicant to invoke the exception in § 1003.23(b)(4)(i), which contemplates only changed *country* conditions as grounds for relieving a movant of the timeliness requirements in § 1003.23(b)(1). *See Guan v. Board of Immigration Appeals,* 345 F.3d 47, 48 (2d Cir.2003). So too do we note, however, that nothing in this opinion should be read to preclude Lu from pursuing relief under 8 U.S.C. § 1158(a)(2)(D), which may (we express no opinion on the matter) authorize Lu to request permission to file a successive and/or untimely asylum application on the basis of her changed personal circumstances. *See Guan,* 345 F.3d at 48.

*So ordered.*