**JUN LAN ZHANG, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General,\* Respondent.**

**Docket No. 03–40123.**

United States Court of Appeals, Second Circuit.

June 29, 2005.

Yan Wang, Law Offices of Matthew Jeon, P.C., New York, NY, for Petitioner.

Viveca D. Parker, Assistant United States Attorney (Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania; Virginia A. Gibson, Assistant United States Attorney, on the brief), Philadelphia, PA, for Respondent.

Present: NEWMAN, WINTER, and SOTOMAYOR, Circuit Judges.

Petitioner Jun Lan Zhang ("Zhang") petitions for review of a June 6, 2003 order of the BIA, denying as untimely filed his motion to reopen the BIA's prior November 8, 2002 decision affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. Zhang, a citizen of the People's Republic of China ("PRC"), claims that because he and his wife have had two children in the United States, born in 1999 and 2001, he and his wife will be sterilized or imprisoned pursuant to the PRC's single child policy if he is returned to the PRC. We assume the parties' familiarity with the facts and procedural history of the case.

Where the BIA has correctly applied the law, we review for abuse of discretion the BIA's denial of a motion to reopen. *Guan v. BIA,* 345 F.3d 47, 48 (2d Cir.2003) (per curiam); *see also* 8 C.F.R. § 3.2(a) (2003) (decision on motion to reconsider or to reopen committed to BIA's discretion). We reject Zhang's contention that the BIA "fail[ed] to consider application of the temporal exception" to 8 C.F.R. § 3.2(c)(2)'s 90–day time limitations period for filing motions to reopen, found in 8 C.F.R. § 3.2.(c)(3)(ii) (2003). Rather, the BIA correctly found that this exception to the limitations period was "not pertinent here." The birth of Zhang's two children prior to his asylum hearing before the IJ was manifestly not a "changed circumstance[ ] arising in the country of nationali-

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

ty or in the country to which deportation has been ordered" evidence of which "was not available and could not have been discovered or presented at the previous hearing," 8 C.F.R § 3.2(c)(3)(ii) (2003).[1]

We have considered Zhang's remaining arguments and find them to be without merit. For the foregoing reasons, the petition for review is DENIED.

Harry Sandick, Assistant United States Attorney, for David N. Kelley, United States Attorney for the Southern, District of New York (Robin L. Baker, of counsel), New York, NY, for Appellee.

Howard M. Simms, New York, NY, for Defendant–Appellant.

PRESENT: CALABRESI, KATZMANN, and B.D. PARKER, Circuit Judges.

---

1. The relevant regulatory provisions discussed above are currently codified at 8 C.F.R. § 1003.2(a), (c) (2005).