

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-20-2006

# Adebiyi v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1614

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Adebiyi v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1736.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1736

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 05-1614

————————

KEHINDE ADEBIYI,

Petitioner

v.

ALBERTO R. GONZALES,
Attorney General of the United States[*]

Respondent

————————

Petition for Review of an Order
of the Board of Immigration Appeals
(No. A73-563-307)

————————

Submitted under Third Circuit LAR 34.1(a)
January 13, 2006

Before:   BARRY, AMBRO and ALDISERT, Circuit Judges.

(Filed:  January 20, 2006)

————————

**OPINION**

————————

ALDISERT, Circuit Judge

---

[*]  Pursuant to 8 U.S.C. § 1252(b)(3)(A), Alberto R. Gonzales, Attorney General of the United States, is the sole proper respondent in this case.

Petitioner Kehinde Adebiyi, a native and citizen of Nigeria, seeks review of a final order of removal issued by the Board of Immigration Appeals ("BIA") on January 31, 2005, which denied his motion to reopen because of noncompliance with the requirements of 8 C.F.R. § 1003.2(c). We must decide whether the BIA properly denied Adebiyi's motion to reopen. We have jurisdiction to review the BIA's order pursuant to 8 U.S.C. § 1252.[1] We will deny the petition.

I.

The parties are familiar with the facts and proceedings before the BIA, so we will only briefly revisit them here. Adebiyi entered the United States in 1993 without inspection. He applied for asylum and withholding of removal on February 24, 1995, alleging fear of persecution in Nigeria by Muslims on account of his Christian faith. His applications were unsuccessful and he was placed in deportation proceedings before an immigration judge ("IJ"). On August 7, 1995, the IJ denied Adebiyi's reasserted requests for asylum and withholding of removal and ordered him removed from the country. The IJ did grant Adebiyi's application for voluntary departure, with an alternate order of deportation should Adebiyi fail to voluntarily depart within the allotted time. On January

---

[1] Adebiyi filed this Petition for Review prior to the enactment of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231. Before the REAL ID Act, our jurisdiction was controlled by the "transitional rules" for judicial review set forth in § 309 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009, and § 106 of the Immigration and Nationality Act, 8 U.S.C. § 1105a (repealed 1996). Pursuant to § 106(d) of the REAL ID Act, we shall treat a petition for review filed under former § 106(a) of the INA as if it had been filed under § 242 of the INA, 8 U.S.C. § 1252. Because Adebiyi's immigration proceedings began on April 16, 1995, when he was sent an Order to Show Cause, jurisdiction over Adebiyi's Petition for Review is therefore governed by § 1252.

2

20, 1998, the BIA rejected Adebiyi's appeal of the IJ's order. Adebiyi did not petition us for review of this final order.

Following the successful grant of two extensions of his period of voluntary departure and the denial of a third, the government ordered Adebiyi to voluntarily depart the United States on March 30, 2000. Adebiyi failed to comply with this order. He was later apprehended and informed that he would be deported on December 14, 2004. Adebiyi's request for an emergency stay of the deportation was denied. On December 8, 2004, he filed a motion to reopen with the BIA, alleging a right to reopening under 8 C.F.R. § 1003.2(c) based upon a change in his personal circumstances, a change in United States law and a fear of persecution in Nigeria.[2] On January 31, 2005, the BIA denied Adebiyi's motion to reopen, ruling: (1) that he did "not compl[y] with the requirements of 8 C.F.R. § 1003.2(c), which must be met before a motion to reopen may be granted"; and (2) that his fear of persecution is speculative and that he therefore did not meet "his heavy

---

[2]  Adebiyi contends that although the 90-day period on motions to reopen has elapsed, see 8 C.F.R. § 1003.2(c)(2), his case should be reopened because he has a recently recognized fear of persecution in Nigeria. The logic to this argument requires several steps. First, he argues that if he is deported then his wife and daughters will be "constructively deported" along with him because they will not otherwise be able to support themselves in this country without his aid. Second, Adebiyi argues that he and his wife fear that, in Nigeria, their daughters will be subjected to the barbaric practice of female genital mutilation ("FGM"). Third, he then cites to the 1996 BIA case, Matter of Kasinga, which held that FGM can constitute persecution and accordingly form the basis for a grant of asylum. 21 I. & N. Dec. 357, 365 (BIA 1996). Fourth, Adebiyi then contends that the personal circumstances surrounding his deportation to Nigeria have changed because his asylum hearing predates both Matter of Kasinga and the birth of two of his daughters. Finally, Adebiyi argues that he now has a fear of future persecution based upon the possible mutilation of his daughters, which the United States now recognizes in some cases as supporting a claim of asylum, and that these new facts and a change in the law merit the lifting of the 90-day requirement of 8 C.F.R § 1003.2(c)(2).

burden to justify reopening his deportation proceedings." This petition for review followed.

II.

We review a decision of the BIA to deny a motion to reopen for an abuse of discretion. Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004). "Discretionary decisions of the BIA will not be disturbed unless they are found to be 'arbitrary, irrational or contrary to law.'" Tipu v. I.N.S., 20 F.3d 580, 582 (3d Cir. 1994) (quotation omitted). The regulations allow a petitioner to file a motion to reopen his or her deportation proceeding. 8 C.F.R. § 1003.2(c)(1). A motion to reopen, however, must be filed within ninety days after entry of the order of removal, 8 C.F.R. § 1003.2(c)(2), unless the petitioner meets one of the four exceptions listed at 8 C.F.R. § 1003.2(c)(3). The BIA dismissed Adebiyi's appeal on January 20, 1998. Almost seven years later, on December 8, 2004, he filed his motion to reopen. The BIA's decision to dismiss Adebiyi's untimely motion for noncompliance with 8 C.F.R. § 1003.2(c) was therefore correct unless he met one of the listed exceptions.

Pursuant to 8 C.F.R. § 1003.2(c)(3), a petitioner may have his case reopened after the 90-day window has closed if: (1) the underlying order of removal was entered *in absentia* and the petitioner either (a) received no notice, (b) was in federal or state custody and failed to appear through no fault of his own, or (c) failed to appear because of exceptional circumstances, 8 C.F.R. § 1003.2(c)(3)(i); (2) the petitioner seeks asylum or withholding of deportation "based on changed circumstances arising in the country of

4

nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing," 8 C.F.R. § 1003.2(c)(3)(ii); (3) the parties jointly agree to a reopening, 8 C.F.R. § 1003.2(c)(3)(iii); or (4) the government requests reopening based upon "fraud in the original proceeding or a crime that would support termination of asylum," 8 C.F.R. § 1003.2(c)(3)(iv).

Adebiyi contends that the 90-day requirement of 8 C.F.R. § 1003.2(c)(2) should not apply to his motion because his personal circumstances have changed and evidence now exists that was unavailable in his former hearing. In making this argument, however, he mistakenly addresses the requirements of 8 C.F.R. § 1003.2(c)(1) and not those of 8 C.F.R. § 1003.2(c)(3). Section 1003.2(c)(1) does allow the introduction of material evidence that was unavailable at the prior hearing, but this is to provide a basis for a *timely* filed motion to reopen and so does not address Adebiyi's *untimely* motion. The one exception that Adebiyi generally asserts as supporting the lifting of the 90-day rule in his case, 8 C.F.R. § 1003.2(c)(3)(ii), requires material evidence of changed circumstances in the country to which the petitioner will be deported, not the evidence of changed personal circumstances that Adebiyi apparently asserts. See Guan v. Board of Immigration Appeals, 345 F.3d 47, 49 (2d Cir. 2003) (per curiam) ("[Changed personal circumstances do] not fit under the exception set forth at 8 C.F.R. § 1003.2(c)(3)(ii)."). Adebiyi's motion neither mentions any changed circumstances in Nigeria, nor cites material evidence satisfying the requirements of 8 C.F.R. § 1003.2(c)(3)(ii). Moreover, at

no time does Adebiyi contend that the first, third or fourth exceptions of 8 C.F.R. §

1003.2(c)(3) apply. We therefore conclude that a change in United States law combined

with a petitioner's decision to raise a family in this country past the required date of his

voluntary departure and a newly recognized subjective fear of persecution does not

exempt petitioners from the evidentiary or filing period requirements of 8 C.F.R. §

1003.2(c). Accordingly, the BIA did not exceed the permissible bounds of discretion in its

denying Adebiyi's motion to reopen.

III.

The BIA offered a second reason for denying Adebiyi's motion to reopen, namely, that

his fear of persecution was speculative. Because we dispose of his petition on timeliness

grounds, however, we will not address Adebiyi's arguments on this point. We have considered

all the contentions presented by the parties and conclude that no further discussion is necessary.

The petition for review will be denied.