Pai Mou QIU, Petitioner,

v.

**BOARD OF IMMIGRATION
APPEALS, Respondent.**

No. 05–1145–AG.

United States Court of Appeals,
Second Circuit.

Feb. 6, 2006.

Gary Y. Yerman, New York, New York, for Petitioner.

Stephen P. Sinnot, United States Attorney, Daniel J. Graber (lead counsel), Assistant United States Attorney, Madison, Wisconsin, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Pai Mou Qiu, through counsel, petitions for review of the BIA decision denying his motion to reopen his removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d

232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004). An abuse of discretion may be found where the BIA's decision " 'provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.' " *Kaur,* 413 F.3d at 233–34 (quoting *Ke Zhen Zhao v. U.S. DOJ,* 265 F.3d 83, 93 (2d Cir.2001)).

■ The BIA did not abuse its discretion in denying Qiu's June 2004 motion to reopen. The BIA properly found that Qiu's motion, which was his second motion to reopen, was filed six months beyond the ninety-day time limit imposed under 8 C.F.R. § 1003.2(c)(2), and that he did not present changed circumstances arising in China that would provide for an exception to the numerical and time limitations provided in 8 C.F.R. § 1003.2(c)(3)(ii). Qiu's claim that he feared persecution due to the birth of his "two U.S. citizen children (in addition to his China-born son)," does not, without more, constitute changed circumstances arising in China under 8 C.F.R. § 1003.2(c)(3)(ii). *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (finding that, "[i]n the absence of solid support in the record" for petitioner's assertion that he will be subjected to persecution on account of his two U.S. born children, "his fear is speculative at best"). Further, the 2002 congressional testimony of John Aird and the 2002 family planning law that Qiu claims were not available to him at his "original hearing," were, nonetheless, available on July 21, 2003, when he filed his first motion to reopen. Qiu failed to explain why he did not present this evidence in support of his first motion to

reopen, or why the information is relevant to his specific claim.

■ It was also not an abuse of discretion for the BIA to find that, although it retained limited discretionary powers under the regulations to reopen or reconsider cases *sua sponte* where exceptional circumstances are shown to exist, no such showing had been made by Qiu, despite his claim that his wife was granted conditional asylum. *See* 8 C.F.R. 1003.2(a); *Guan v. BIA,* 345 F.3d 47, 49 (2d Cir.2003); *cf. Zhong Guang Sun v. U.S. DOJ,* 421 F.3d 105, 110 (2d Cir.2005) (finding that the BIA must consider petitioner's claim that his late filing of a notice of appeal was due to extraordinary or unique circumstances). While the record indicates that Qiu's wife was granted conditional asylum, the record is not clear with regard to the actual facts upon which the grant of asylum was based.[1]

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

1. We do note, however, that, pursuant to section 1157 of Title 8, as amended by the REAL ID ACT, which took effect on May 11, 2005, Qiu is eligible for derivative status based on his wife's conditional grant of asylum. However, this issue is not before the Court.