**Safet ADOVIC, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–3833–ag.

United States Court of Appeals, Second Circuit.

April 30, 2007.

Aleksander Milch, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, James E. Grimes, Sen-

ior Litigation Counsel, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Safet Adovic, a native of the former Yugoslavia and citizen of Montenegro, seeks review of a July 18, 2006 decision of the BIA affirming the March 22, 2005 decision of Immigration Judge ("IJ") Brigitte LaForest denying petitioner's motion to terminate his removal proceedings. *In re Safet Adovic*, No. A 72 372 756 (B.I.A. July 18, 2006), *aff'g* No. A 72 372 756 (Immig. Ct. N.Y. City March 22, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Because the BIA agreed with, but did not adopt, the IJ's decision, we review both the IJ's and the BIA's decisions for the sake of completeness. *See Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review questions of law *de novo*, but where the agency has applied the correct legal standards, we review its decision to deny a motion for abuse of discretion. *See Jian Huan Guan v. BIA*, 345 F.3d 47, 48 (2d Cir.2003).

█ If, as here, the government establishes alienage, including through the alien's own admission, a presumption arises that the alien is in the United States in violation of the law. *INS v. Lopez–Mendoza*, 468 U.S. 1032, 1039, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984); *Matter of Benitez*, 19 I. & N. Dec. 173, 177 (BIA 1984). The burden then shifts to the alien under 8 U.S.C. § 1361 to prove his time, place, and manner of entry by a prepon-

derance of the evidence. *See Lopez–Mendoza*, 468 U.S. at 1039, 104 S.Ct. 3479; *Murphy v. INS*, 54 F.3d 605, 610 (9th Cir.1995); *Benitez*, 19 I. & N. Dec. at 177. Because Adovic conceded his alienage, the burden fell on him to demonstrate his manner of entry by a preponderance of the evidence. *See id.*

It may be presumed that government officials properly discharge their duty by maintaining a record of aliens' entry into this country. *See U.S. v. Chemical Foundation, Inc.*, 272 U.S. 1, 14–15, 47 S.Ct. 1, 71 L.Ed. 131 (1926). Yet neither Adovic nor the government could produce any record of Adovic's entry under either his actual name or his alias. Adovic provided only his own testimony and affidavit to establish the time, place and manner of his entry. In addition, there were inconsistencies between his testimony and asylum applications with regard to his manner of entry. We conclude that a rational trier of fact would not have been compelled to find that Adovic sustained his burden of proving that he entered the United States under the Visa Waiver Pilot Program, as he alleged. *See Francis v. Gonzales*, 442 F.3d 131, 138–39 (2d Cir.2006). Accordingly, the agency did not err in concluding that Adovic had not sustained his burden of proof under 8 U.S.C. § 1361.

█ In addition, Adovic has not shown, as he must, *see Waldron v. INS*, 17 F.3d 511, 518–19 (2d Cir.1994),[1] that he suffered any prejudice as a result of the agency's failure to place him in asylum-only proceedings. Adovic has not argued that there was any error in the adjudication of his underlying asylum, withholding of removal, and CAT claims, so it unclear what right he seeks to protect by being placed in asylum-only proceedings. Adovic's failure to demonstrate prejudice is thus an-

---

1. 8 U.S.C. § 1361 does not create a funda-    mental right.

other basis for concluding that the agency did not abuse its discretion in denying Adovic's motion to terminate proceedings. *See Jian Huan Guan,* 345 F.3d at 48.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).