**AN–ZHU ZOU, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

No. 06–2571–ag.

United States Court of Appeals, Second Circuit.

April 30, 2007.

Aleksander Milch, New York, NY, for Petitioner.

Alonzo Long, Assistant United States Attorney (David Nahmias, United States Attorney for the Northern District of Georgia, on the brief), Atlanta, GA, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. WALKER and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

An–Zhu Zou petitions for review of the BIA's May 10, 2006 decision denying her motion to reopen proceedings. *In re An–Zhu Zou,* No. A 70 900 776 (B.I.A. May 10, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

"We review the BIA's conclusions of law *de novo,* but where the BIA has applied the correct law, its decision to deny re-opening is reviewed only for abuse of discretion." *Jian Huan Guan v. BIA,* 345 F.3d 47, 48 (2d Cir.2003) (per curiam). The BIA exceeds its discretion "only in those limited circumstances" where its decision "(1) provides no rational explanation, (2) inexplicably departs from established policies, (3) is devoid of any reasoning, or (4) contains only summary or conclusory statements." *Song Jin Wu v. INS.,* 436 F.3d 157, 161 (2d Cir.2006).

The BIA may grant a motion to reopen for adjustment of status on the basis of marriage to a United States citizen where five factors are fulfilled: (1) the motion is timely filed; (2) the motion is not numerically barred; (3) the motion is not statutorily barred by petitioner's failure to voluntarily depart or on any other procedural grounds; (4) clear and convincing evidence is presented indicating a strong likelihood that the marriage is bona fide; and (5) the Department of Homeland Security ("DHS," formerly the Immigration and Naturalization Service) does not oppose the motion. *In re Mario Eduardo Velarde–Pacheco,* 23 I & N Dec. 253, 256 (BIA 2002). The BIA denied Zou's motion based on a finding that it was not timely filed. The BIA also found that relief was

statutorily barred because Zou had failed to depart the United States after a grant of voluntary departure.

Pursuant to 8 C.F.R. § 1003.2(c)(2), a motion to reopen a final decision of the BIA must be filed within 90 days of the date on which that decision was rendered. We have recognized, however, that the 90–day period is subject to equitable tolling. *Iavorski v. United States INS*, 232 F.3d 124, 132–33 (2d Cir.2000).

Zou argues that because her attorney was disbarred, she was denied effective assistance of counsel and her motion to reopen should be equitably tolled. Success on such a claim requires (1) that her constitutional right of due process was violated by counsel's ineffective assistance and (2) that the petitioner exercised due diligence in pursuing her claim throughout the period in question. *Id.* at 135.

Whether or not the disbarment of Zou's attorney establishes that Zou's due process rights were violated, we are unable to find that the BIA abused its discretion in determining that Zou failed to diligently pursue her claim. As the BIA recognized, Zou did not file a motion to reopen until nearly four years after the BIA issued its final decision, and she is unable to show diligent pursuit of her rights throughout that period.

The facts in this case are nearly indistinguishable from those in *Iavorski*, in which this Court denied equitable tolling for lack of due diligence. In that case, the petitioner claimed that after the BIA issued its adverse decision, he made several attempts to reach his attorney but was unable to do so. *Id.* at 134. After a few calls, Iavorski made no further attempts to investigate the status of his case for nearly two years. When he eventually filed a motion to reopen, "his request did not appear to have been motivated by an interest in pursuing his rights under his original applications for asylum or withholding of deportation but rather out of interest in the Diversity Visa Program." *Id.* Similarly, Zou alleges that after receiving the 2002 BIA order affirming the IJ's denial of her asylum application she was unable to reach her attorney, but she then made no apparent effort to pursue her case until DHS approved an immediate relative immigrant visa petition filed on her behalf four years later. Like Iavorski, her motion to reopen appears motivated not by her interest in the original applications, but because a new avenue for relief became available. As such, the BIA did not exceed its allowable discretion in concluding that Zou had not "acted diligently in this case so as to warrant 'equitable tolling.' "

Because we conclude that the BIA did not exceed its allowable discretion in denying the motion to reopen based on timeliness, we need not address the BIA's determination that Zou's failure to voluntarily depart renders her ineligible for relief.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.