**JIN KUI CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General, Immigration and Naturalization Service, Respondents.**

No. 06–5235–ag.

United States Court of Appeals, Second Circuit.

July 17, 2007.

Jin Kui Chen, Brooklyn, NY, pro se.

Peter D. Keisler, Assistant Attorney General; Cindy S. Ferrier, Senior Litigation Counsel; Brendan P. Hogan, Attorney, Office of Immigration Litigation, Washington, D.C., for Respondents.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Jin Kui Chen, a native and citizen of the People's Republic of China, seeks review of an October 25, 2006 order of the BIA denying his motion to reopen removal proceedings. *In re Jin Kui Chen*, No. A77 927 603 (B.I.A. Oct. 25, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen or reconsider for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.*

Here, the BIA did not abuse its discretion in denying Chen's motion. Construed as a second motion for reconsideration, it is barred by the statutory numerical limitation. 8 U.S.C. § 1229a(c)(6)(A). As a motion to reopen, it is also barred because it was not filed within ninety days of the final order of removal, but rather more than three years later. 8 U.S.C. § 1229a(c)(7)(C)(i). Although Chen submitted evidence with this motion indicating that his wife had been forcibly sterilized since his previous motion, such information is not new evidence of changed country conditions warranting an exception to the time limitations. 8 U.S.C. § 1229a(c)(7)(C)(ii).[1]

For the foregoing reasons, the petition for review is DENIED. The pending mo-

1. We note that Chen may be able to request permission to file a successive petition for asylum based on his changed circumstances. *See Guan v. BIA*, 345 F.3d 47, 49 (2d Cir. 2003) ("Under 8 U.S.C. § 1158(a)(2)(D), an alien may request permission to file a successive, untimely asylum application based upon changed circumstances which materially effect [his] eligibility for asylum.").

tion for a stay of removal in this petition is DENIED as moot.