ZHANG JIAN XIE, Petitioner,

v.

Attorney General GONZALES, United States Department of Justice, Respondent.

No. 06–4524–ag.

United States Court of Appeals, Second Circuit.

Sept. 4, 2007.

David X. Feng, New York, NY, for Petitioner.

Marty J. Jackley, United States Attorney, Andrew R. Damgaard, Assistant United States Attorney, Sioux Falls, SD, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. B.D. PARKER and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Zhang Jian Xie, a native and citizen of the People's Republic of China, seeks review of a September 18, 2006, order of the BIA denying his motion to reopen his removal proceedings. *In re Zhang Jian Xie*, No. A73 185 935 (B.I.A. Sept. 18, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA denies a motion to reopen, we review the BIA's decision for an abuse of discretion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

We conclude that the BIA did not abuse its discretion in denying Xie's motion because he cannot show that he is eligible for asylum. It is well-settled that the BIA may deny a motion to reopen where it determines that the movant is not entitled to the underlying relief sought. *See I.N.S. v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988); *see also I.N.S. v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). The Immigration and Nationality Act provides that a person determined by the Attorney General to have "ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group, or political opinion" may not be granted asylum or withholding of removal. 8 U.S.C. §§ 1158(b)(2)(A)(i) and 1231(b)(3)(B)(i). In his motion to reopen, Xie sought the relief of asylum and suspension of deportation. However, we have previously denied a petition for review submitted by Xie and upheld the agency's finding that Xie is not eligible for asylum or withholding of removal as a persecutor under 8 U.S.C. §§ 1158(b)(2)(A)(i) and 1231(b)(3)(B)(i), because he drove pregnant women to the place of their persecution,

*i.e.,* the hospitals where their forcible abortions took place. *See Zhang Jian Xie v. I.N.S.,* 434 F.3d 136, 143 (2d Cir.2006). Under the doctrine of "law of the case," we are bound to adhere to that prior decision. *See, e.g., U.S. v. Quintieri,* 306 F.3d 1217, 1225 (2d Cir.2002) ("[W]hen a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case"); *U.S. v. Tenzer,* 213 F.3d 34, 39 (2d Cir. 2000) (same). Thus, even if Xie could show that the birth of his children in the United States constitutes a change in country conditions to excuse his untimely motion, *see* 8 C.F.R. § 1003.2(c)(3)(ii), or, in the case of a successive asylum application, a change in personal circumstances to excuse his untimely asylum application, *see Jian Huan Guan v. B.I.A.,* 345 F.3d 47, 49 (2d Cir.2003), he could not prevail on his asylum claim, because he has been found ineligible for relief because he was a persecutor.

Xie failed to challenge the BIA's denial of his claim for suspension of deportation in his brief to this Court, and we therefore deem that claim abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.