

Villanova University School of Law

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-6-2006

# Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1478

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Lin v. Atty Gen USA" (2006). *2006 Decisions*. Paper 1299.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1299

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1478
_____

XIN LIN,
Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,
Respondent

_____

On Review of a Decision of the
Board of Immigration Appeals
(Agency No. 29-816-551)
Immigration Judge: Honorable Donald Vincent Ferlise

_____

Submitted Under Third Circuit LAR 34.1(a)
April 3, 2006

Before: SLOVITER, SMITH AND VAN ANTWERPEN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed: April 6, 2006)

_____
OPINION
_____

PER CURIAM

Petitioner, Xin Lin, petitions for review of a final order of the Board of

Immigration Appeals ("BIA"). For the reasons that follow, we will deny the petition.

Lin is a native and citizen of the People's Republic of China who entered the United States without inspection in November 1987. Lin was placed in deportation proceedings on June 25, 1995, when he was personally served with an Order to Show Cause ("OSC") and a copy was sent to his attorney of record. Apparently, the contents of the OSC were not read to Lin in a language he understands. Lin further alleged that he had been given erroneous advice from a "travel agency" regarding his obligation to attend the hearing. As a result, and despite the fact that the time and date of the hearing were contained in the OSC, Lin failed to appear before the Immigration Judge ("IJ") on December 13, 1995 as directed and was ordered deported in absentia. No appeal was filed. On July 11, 2002, over six and one-half years later, Lin filed a motion to "rescind/reopen" deportation proceedings. The IJ denied the motion.

Lin's appeal was dismissed by the BIA in an Order dated January 19, 2005. The BIA concluded that Lin's motion was untimely filed, and that Lin's case did not warrant an exercise of a discretionary sua sponte reopening. The BIA likewise affirmed the IJ's denial of Lin's motion to reopen in order to reapply for asylum and withholding of deportation based on his marriage and the birth of his two children in this country. The BIA noted that Lin's motion was based merely on changes in his personal circumstances which caused him to fear harm on account of China's coercive population control methods. Finally, the BIA found Lin's case factually distinguishable from those cases in which the Board exercised its sua sponte authority to reopen proceedings in order to hear claims involving China's coercive population control methods, because those cases involved coercive population control claims which were substantively denied on appeal

prior to a fundamental change in the law. Lin presented no such claim, and, in fact, his initial asylum claim was based on religion. Accordingly, the BIA concluded that Lin did not fall within that category of applicants entitled to an exception to the regulatory filing requirements. This timely petition for review followed.

II.

After careful review, we must conclude that the BIA did not abuse its discretion in denying Lin's motion to reopen. See Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001). As the Supreme Court has stated, the regulations "plainly disfavor" such motions. INS v. Abudu, 485 U.S. 94, 110 (1988). We review the Board's denial of a motion to reopen with "broad deference" to its decision. Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003). Thus, in order to succeed on the petition for review, Lin must show that the BIA's discretionary decision was somehow arbitrary, irrational, or contrary to law. See Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994). Lin has failed to make such a showing.

Although the rescission requirements prescribed by INA § 242B(c)(3) are not applicable to Lin since he did not receive oral warnings of the consequences of failing to appear at a deportation hearing pursuant to INA § 242B(a), his motion to reopen was still subject to the regulatory requirements set forth in 8 C.F.R. §§ 1003.2(c) and 1003.23(b)(3). See Matter of M-S-, 22 I&N Dec. 349 (BIA 1998). As the BIA correctly concluded, Lin's motion was untimely filed under § 1003.2(c)(2) by several years. Of course, the regulation affords exceptions, such as where, inter alia, the order at issue was entered in absentia under certain circumstances not relevant here, see § 1003.2(c)(3), (c)(3)(i), or where there are "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and

3

was not available and could not have been discovered or presented at the previous hearing." Id. (c)(3)(ii). In addition, as noted in its Order, the BIA has the authority to sua sponte reopen any case at any time. See § 1003.2(a).

Lin offers nothing to support the contention that the BIA abused its discretion by failing to reopen proceedings because of the change in his personal circumstances, i.e., the subsequent births of his U.S.-born son in 1996 and his daughter in 2001. The BIA is correct in its conclusion that the only applicable exception to Lin's untimely filed reopen motion is that provided for by § 1003.2(c)(3)(ii) for changed circumstances arising in the country of his nationality. Lin, however, does not allege any changed circumstances in China or even in its family planning policy; rather, he contends that a change in his personal situation now causes him to fear application of that policy should he be deported. Citing to Guan v. Ashcroft, 345 F.3d 47 (2d Cir. 2003), wherein the Second Circuit Court of Appeals found that changed personal circumstances arising in the United States are not within § 1003.2(c)(3)(ii)'s exception, the BIA refused Lin's invitation to sua sponte reopen his proceedings to hear his claim involving China's coercive population control methods. See also Zheng v. U.S. Dept. of Justice, 416 F.3d 129, 130 (2d Cir. 2005). The BIA recognized this Court's decision in Guo v. Ashcroft, 386 F.3d 556 (3d Cir. 2004), wherein reopening was found to be warranted given the alien's personal change in circumstances (i.e., the birth of one child and a verified second pregnancy) and documented evidence sufficient to establish prima facie eligibility for asylum. However, as correctly noted by the BIA, Guo involved a timely filed reopen motion – a motion not limited by the "changed country conditions" exception of § 1003.2(c)(3)(ii). Unfortunately for Lin, that distinction is a determinative one.

4

We likewise can find no abuse of discretion on the part of the BIA in concluding that a favorable exercise of its discretion was not warranted given Lin's failure to demonstrate the exercise of due diligence in either contacting the "travel agency" about a rescheduling date, in obtaining legal advice, or in seeking to otherwise learn of the outcome of his deportation proceedings in the six years between the entry of the IJ's deportation order and the filing of his motion to reopen. Additionally, as noted in its Order, the BIA's discretion to reopen a case <u>sua</u> <u>sponte</u> is "not a general remedy...but...an extraordinary remedy reserved for truly exceptional situations." <u>See</u> BIA's Order of 1/19/05 at 2, <u>citing</u> <u>In re G-D-</u>, 22 I. & N. Dec. 1132, 1133-34 (BIA 1999). The lack of a showing of due diligence equally supported the BIA's determination that equitable tolling was not warranted.

Finally, Lin fares no better with an argument that the BIA should have exercised its <u>sua</u> <u>sponte</u> authority to reopen the proceedings under the policy announced in <u>In re X-G-W-</u>, 22 I. & N. Dec. 71 (BIA 1998). Aside from the fact that this policy has been discontinued, <u>see</u> <u>In re G-C-L-</u>, 23 I&N Dec. 359, 362 (BIA 2002), the policy applied only "where the alien had previously presented persuasive evidence of persecution based on China's 'one couple, one child' policy" and the BIA "previously denied asylum based on" cases holding that enforcement of this policy did not constitute persecution. <u>Id</u>. at 74. Lin's initial asylum claim was based on religion, not on China's coercive population control methods.

### III.

Accordingly, for the foregoing reasons, we will deny the petition for review. Lin's motion to be exempt from oral argument is denied as moot.

5