**KONG FAI POON, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

No. 05–2626–ag.

United States Court of Appeals, Second Circuit.

April 20, 2007.

Robert F. Belluscio, Flushing, NY, for Petitioner.

Laura Thomas Rivero, Assistant United States Attorney for the Souther District of Florida (R. Alexander Acosta, United States Attorney, Anne R. Schultz and Dexter Lee, Assistant United States Attorneys, on the brief), Miami, FL, for Respondent.

PRESENT: Hon. WALKER, Hon. ROBERT D. SACK, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Kong Fai Poon, a native and citizen of China, petitions for review of a BIA decision of May 3, 2005, adopting and affirming two decisions by Immigration Judge ("IJ") Philip L. Morace dated August 11, 2004, and August 25, 2004, respectively, denying the petitioner's motion to reopen and his motion to reconsider the denial of the motion to reopen. *See In re: Poon,* No. A73–049–487 (B.I.A. May 3, 2005), *aff'g* No. A 73 049 487 (Immig. Ct. N.Y. City Aug. 25, 2004) and No. A 73 049 487 (Immig. Ct. N.Y. City Aug. 11, 2004).

The petitioner was ordered removed *in absentia* on December 21, 1998. In May 2004, he filed a motion to reopen in order to apply for an adjustment of status based on his 2003 marriage to a United States citizen. Although the petitioner's wife filed a successful I–130 Petition for Alien Relative, the IJ denied the motion to reopen because it was untimely. The petitioner then filed a motion to reconsider, and the IJ similarly denied it on the grounds that his original motion to reopen did not comply with the governing timing requirements. On May 3, 2005, the BIA adopted and affirmed the IJ's decisions, noting that "respondent waited four and one half years to file the motion to reopen and it is clearly untimely." *In re: Poon,* No. A73–049–487 (B.I.A. May 3, 2005). This petition followed.

The BIA assumed that Poon did not receive an oral warning from the IJ explaining the consequences of failing to appear at his removal hearing. Our decision is guided, therefore, by the standards governing a motion to reopen under 8 C.F.R. § 1003.23(b)(1), not under the standards for a "motion to rescind" contained in 8 C.F.R. § 1003.23(b)(4)(ii). *See Wu v. INS,* 436 F.3d 157, 161 n. 1 (2d Cir.2006); *In re M–S–,* 22 I. & N. Dec. 349 (B.I.A.1998).

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Guan v. BIA,* 345 F.3d 47, 48 (2d Cir.2003) (per curiam). By agency regulation, a party before the Immigration Court must file a motion to reopen "within 90 days of the date of entry of a final administrative order of removal, deportation, or exclusion, or on or before September 30, 1996, whichever is later." 8 C.F.R. § 1003.23(b)(1); *see also* 8 U.S.C. § 1229a (c)(7)(C)(i). The petitioner does not argue that he qualifies for any of the exceptions to this time bar. *See,* 8 U.S.C. § 1229a(c)(7)(C)(ii)–(iv); 8 C.F.R. § 1003.23(b)(4). Moreover, Poon's reliance on *In re M–S–* is misplaced. There, the BIA did not hold that the failure to provide an alien with warnings in his native language excused the alien from a time bar.

To the extent that the petitioner also challenges the denial of his motion to reconsider, which was no more than an elaboration of the arguments he raised in his motion to reopen, we also conclude that the BIA did not abuse its discretion in denying that motion. *See Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (per curiam).

For the foregoing reasons, the petition for review of the order of the Board of Immigration Appeals is hereby DENIED.