

Yang Lin, pro se, Bronx, N.Y., for Petitioner.

Because the Court did not receive a brief from the respondents within fifteen days of the June 6, 2007 due date specified in the scheduling order issued on April 5, 2007, this case has been decided without the benefit of respondents' brief. See Local Rule § 0.29(d), for Respondents.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Ying Lin, a citizen of the People's Republic of China, seeks review of a September 25, 2006 order of the BIA denying her motion to reopen. *In re Yang Lin,* No. A77 023 174 (B.I.A. Sep. 25, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Despite the petitioner's arguments regarding the underlying merits of her asylum claim, the only agency decision that is properly before us is the BIA's September 2006 denial of her motion to reopen. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 89–90 (2d Cir.2001). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). A motion to reopen must be filed within 90 days after the date on which a final administrative decision was rendered in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c)(2). Here, it is clear that Lin did not file a motion to reopen within 90

**YING LIN, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Attorney General, et al., Respondents.**

**No. 06–4749–ag.**

United States Court of Appeals, Second Circuit.

Aug. 17, 2007.

days of the BIA's final decision in her case. The BIA denied her appeal in October 2002 and she filed her motion in August 2006.

However, the time limit does not apply to a motion to reopen that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). In *Guan v. BIA,* we found that the BIA had properly denied a petitioner's motion to reopen because her "evidence [was] essentially of changed personal circumstances in the United States based on the birth of her two sons, evidence which does not fit under the exception set forth in 8 C.F.R. § [1003.2](c)(3)(ii)." 345 F.3d 47, 49 (2d Cir.2003). Here, Lin offered very similar evidence as that which we found to be inadequate in *Guan.* Accordingly, the BIA did not abuse its discretion in denying Lin's motion to reopen.

For the foregoing reasons the petition for review is DENIED. Any pending request for oral argument in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).