HE XIANG QIU, Petitioner,

v.

Alberto GONZALES, Respondent.

No. 06–3164–ag.

United States Court of Appeals, Second Circuit.

Aug. 21, 2007.

Michael Brown, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; David V. Bernal, Assistant Director; Jeffrey R. Leist, Attorney, Civil Division, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

He Xiang Qiu, a native and citizen of the People's Republic of China, seeks review of a June 20, 2006, order of the BIA denying his motion to reopen removal proceedings. *In re He Xiang Qiu,* No. A77 547 479 (B.I.A. Jun. 20, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA denies a motion to reopen, we review the BIA's decision for an abuse of discretion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

We conclude that the BIA did not abuse its discretion in denying Qiu's motion as untimely and numerically barred, because it was Qiu's second motion to reopen, and it was not filed within 90 days of the BIA's decision dismissing his appeal. The regulations provide that a party may file only one motion to reopen, and that motion must be filed no later than ninety days after the final administrative decision sought to be reopened. *See* 8 C.F.R. § 1003.2(c)(2). While the regulations enumerate exceptions to this general rule, the BIA properly found that Qiu did not establish any such exceptions.

Qiu argues that the approval of his derivative asylee status is a changed circumstance qualifying him for an exception to the time and numerical limitations. This argument is unavailing. The relevant portion of the regulation provides that the time and numerical limitations will not apply if the motion to reopen is based on "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered." 8 C.F.R. § 1003.2(c)(3)(ii). The changed circumstance that Qiu alleges, namely, the approval of his derivative asylee status in the United States, is a personal circumstance that did not arise in his country of nationality. *Cf. Jian Huan Guan v. B.I.A.,* 345 F.3d 47, 49 (2d Cir.2003) (finding that the birth of two children in the United States was not a changed circumstance establishing an exception to the time and numerical limitations for motions to reopen). Because Qiu failed to establish an exception to the time and numerical limitations for motions to reopen, the BIA did not abuse its discretion in denying that motion.

Qiu asks this Court to consider his adjustment of status application in weighing the merits of his case. However, this evidence has never been presented to the BIA, and we will not remand a case "if [i] the basis for the remand is an instruction to consider documentary evidence that was not in the record before the BIA; and [ii] the agency regulations set forth procedures to reopen a case before the BIA for the taking of additional evidence." *Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 262 (2d Cir.2007). Here, the regulations provide a mechanism through which the BIA may evaluate in the first instance whether Qiu's adjustment of status application is a circumstance meriting the reopening of his proceedings. *See Ni,* 494 F.3d at 270. Accordingly, remand is not warranted on the basis of Qiu's newly submitted evidence.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DE-

NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).