## CUI YING ZHAN

v.

## ATTORNEY GENERAL OF the UNITED STATES.

### No. 07–3125.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action under Third Circuit LAR 27.4 and I.O.P. 10.6 Sept. 27, 2007.

Filed: Oct. 19, 2007.

Michael A.O. Brown, Law Office of Michael Brown, New York, NY, for Cui Ying Zhan.

Edward J. Duffy, United States Department of Justice Office of Immigration Litigation, Washington, DC, for Attorney General of the United States.

Before: RENDELL, SMITH and JORDAN, Circuit Judges.

### OPINION

PER CURIAM.

Petitioner, Cui Ying Zhan, has filed a motion for a stay of removal and a petition for review from the order of the Board of Immigration Appeals ("BIA") denying her motion to reopen. The government has filed a motion for summary action. For the reasons that follow, we will summarily

deny the petition for review. *See* Third Circuit LAR 27.4 and I.O.P. 10.6.

Petitioner, a native and citizen of the People's Republic of China, entered the United States on February 5, 2002, in Chicago, Illinois. Petitioner did not possess a valid entry document and was served on February 8, 2002, with a charging document, alleging she was not in possession of a valid entry document, she committed fraud, and that she falsely identified herself as a United States citizen. Petitioner was found removable by the Immigration Judge ("IJ"). Petitioner applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The IJ denied relief on December 2, 2002, and Petitioner, through counsel, sought review by the Board of Immigration Appeals ("BIA"). On April 9, 2004, the BIA affirmed the IJ's decision. Almost three years later, Petitioner filed a motion to reopen, which the BIA denied on June 25, 2007. Petitioner, through counsel, has filed a petition for review and a motion for a stay of removal. The government opposes the motion and has filed a motion for summary action. Petitioner has not responded to the motion for summary action, and her time for doing so has expired.

We have jurisdiction to review the BIA's denial of a motion to reopen. *See Nocon v. INS,* 789 F.2d 1028, 1032–33 (3d Cir.1986). We review the denial of a motion to reopen for an abuse of discretion. *Filja v. Gonzales,* 447 F.3d 241, 251 (3d Cir.2006). Under the abuse of discretion standard, the BIA's decision may be reversed only if it is "arbitrary, irrational, or contrary to law." *Sevoian v. Ashcroft,* 290 F.3d 166, 174 (3d Cir.2002). We will summarily deny a peti-

---

tion for review if the petition presents no substantial question. *See* I.O.P. 10.6.

Although Petitioner's petition for review seeks review of the BIA's April 9, 2004 decision and the BIA's June 25, 2007 decision, only the BIA's June 25, 2007 decision, denying Petitioner's motion to reopen, is properly before this Court. *See Nocon,* 789 F.2d at 1032–33 (explaining that final deportation orders and orders denying motions to reconsider are independently reviewable and a timely petition for review must be filed with respect to the specific order sought to be reviewed). Accordingly, our review does not extend to the BIA's April 9, 2004 order. *See Stone v. INS,* 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) (holding that a motion for reconsideration does not toll the time to file a petition for review of a final deportation order).

Petitioner does not address the BIA's denial of her motion to reopen in her petition for review or in her motion for stay of removal, and she has failed to respond to the government's motion for summary action. Petitioner's motion before the BIA sought to reopen her proceedings because of the birth of her two children. The BIA concluded that Petitioner's motion to reopen was untimely. Although the BIA recognized that there was an exception to the timeliness requirements based on changed circumstances in the country of nationality, the BIA concluded that Petitioner had failed to demonstrate such a change. *See* 8 C.F.R. § 1003.2(c)(ii). The BIA explained that, contrary to Petitioner's assertion, the birth of a child constitutes a change in personal circumstances, which does not fall within § 1003.2(c)(ii)'s exception. *See Guan v. Board of Immigration Appeals,* 345 F.3d 47, 49 (2d Cir. 2003). The BIA further concluded that Petitioner failed to demonstrate that country conditions had changed in a manner that materially impacts her eligibility for asylum.

We conclude that the BIA's decision denying Petitioner's motion to reopen is not arbitrary, irrational, or contrary to law. After careful review of Petitioner's motion to reopen and exhibits in support thereof, we conclude that Petitioner has failed to demonstrate changed country conditions. 8 C.F.R. § 1003.2(c)(3)(ii). Here, Petitioner's motion to reopen provides information regarding the current country conditions for the People's Republic of China, but fails to demonstrate how those conditions have materially changed since her hearing before the IJ in 2002. Because Petitioner has failed to demonstrate changed country conditions, the BIA did not err by denying her motion to reopen.

For the foregoing reasons, we will grant the government's motion for summary action and summarily deny Petitioner's petition for review. Petitioner's motion for stay of removal is denied as moot.