JICHENG XIAO, Petitioner,

v.

BOARD OF IMMIGRATION APPEALS, Respondent.

No. 05–5173–ag.

United States Court of Appeals, Second Circuit.

Dec. 7, 2007.

Gary J. Yerman, New York, NY, for Petitioner.

John C. Richter, United States Attorney for the Western District of Oklahoma, Eleanor Darden Thompson, Assistant United States Attorney, Oklahoma City, OK, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. B.D. PARKER and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner, JiCheng Xiao, a native and citizen of China, seeks review of a September 2, 2005 order of the BIA affirming the February 7, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom denying his motion to reopen his removal proceedings. *In re JiCheng Xiao,* No. A 73 045 707 (B.I.A. Sept. 2, 2005), *aff'g* No. A 73 045 707 (Immig. Ct. N.Y. City Feb. 7, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The agency did not abuse its discretion in denying Xiao's motion to reopen. Xiao failed to present any evidence indicating that he would be sterilized upon return to China on account of his three children born in the United States; thus, he did not establish his *prima facie* eligibility for relief. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Indeed, this Court has previously found no abuse of discretion where the agency declined to reopen proceedings based on the same evidence that Xiao submitted with his motion, including, among other things, affidavits from John Aird and Guang Wu, documents describing the People's Family Planning Law and State Department Country Conditions reports. *See, e.g., Wei Guang Wang v. BIA,* 437 F.3d 270, 274–76 (2d Cir.2006); *Guan v. BIA,* 345 F.3d 47 (2d Cir.2003). Because Xiao's fear of fu-

ture persecution based on the birth of his three children is unsubstantiated, the agency did not abuse its discretion in denying his motion to reopen. *See Jian Xing Huang v. INS,* 421 F.3d 125 (2d Cir.2005) (finding that, "[i]n the absence of solid support in the record" for petitioner's assertion that he will be subjected to persecution on account of his two U.S.–born children, "his fear is speculative at best"); *Matter of C–C–,* 23 I. & N. Dec. 899 (B.I.A. 2006).

Although Xiao argues that the agency abused its discretion by failing to evaluate the evidence he presented, this argument fails. The IJ evaluated with specificity several of the documents submitted and made an overall finding about the remaining evidence. This Court does not require the agency to "expressly parse or refute on the record each individual argument or piece of evidence offered," especially evidence which the agency "is asked to consider time and again." *Wei Guang Wang,* 437 F.3d at 275 (internal citations omitted); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 336 (2d Cir.2006). Here, the IJ did not act in an arbitrary and capricious manner where it is clear from the record that he considered and rejected the evidence Xiao presented. *See Wei Guang Wang,* 437 F.3d at 275; *Kaur,* 413 F.3d at 233–34.

Finally, we note that Xiao has abandoned any challenge to the IJ's findings that his motion did not fall within the exemptions established by *Matter of G–C–L–,* 23 I. & N. Dec. 359 (B.I.A.2002), or 8 C.F.R. § 208.18(b)(2), because he did not challenge those findings before this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).