XIAOLIAN LIN, Petitioner,

v.

Michael B. MUKASEY,[1] Attorney General, Respondent.

No. 07–3991–ag.

United States Court of Appeals, Second Circuit.

Feb. 28, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as the respondent in this case.

Gary J. Yerman, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Assistant Attorney General, Civil Division, M. Jocelyn Lopez Wright, Assistant Director, Rebecca Hoffberg, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WILFRED FEINBERG, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Xiaolian Lin, a native and citizen of the People's Republic of China, seeks review of an August 24, 2007 order of the BIA denying her motion to reopen. *In re Xiaolian Lin*, No. A73 607 879 (B.I.A. Aug. 24, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA denies a motion to reopen, we review the BIA's decision for an abuse of discretion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't. of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

We conclude that the BIA did not abuse its discretion in denying Lin's motion to reopen. The Immigration and Nationality Act ("INA") provides that an individual must file a motion to reopen within ninety days of the issuance of a final administrative order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). This limitation, however, does not apply when the movant files a motion to reopen to apply for asylum or withholding of removal "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 U.S.C. § 1229a (c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Here, it is undisputed that Lin's motion to reopen was untimely, as it was filed with the BIA in April 2007, almost ten years after the BIA's final order affirming the IJ's denial of relief.

In its denial of Lin's motion, the BIA found that the birth of Lin's children in the United States constituted a change in her personal circumstances, and not changed circumstances arising in her country of nationality. *See Jian Huan Guan v. B.I.A.*, 345 F.3d 47, 49 (2d Cir.2003) (finding that the birth of two children in the United States was not a changed circumstance establishing an exception to the time and numerical limitations for motions to reopen). However, Lin argues that in reaching this conclusion, the BIA failed to consider the evidence that she submitted with her motion that amounted to a change in country conditions. This argument, however, is unavailing, as none of the documents submitted by Lin indicates that the birth of her children in the United States would result in her persecution by the authorities in Zhejiang Province, where Lin is from.[2]

---

**2.** In its decision, the BIA erroneously asserted that Lin, who is from Zhejiang Province, was born in Fujian. This error is harmless because the evidence presented by Lin does not support her claimed fear of sterilization, whether she is from Fujian or Zhejiang.

In *In re C–C–*, the BIA considered a factual scenario similar to that presented by Lin, where an individual, also from Zhejiang Province, filed a motion to re-open based on the birth of her second child in the United States. 23 I. & N. Dec. 899 (BIA 2006). The BIA found that in order to prevail on such a motion, the movant was required to show specific evidence that persons who have more than one child outside of China would be considered in violation of the family planning policy by the authorities in Zhejiang Province, and that the punishment for such a violation would amount to persecution. 23 I. & N. Dec. at 901; *see also In re J–W–S–*, 24 I. & N. Dec. 185, 194 (BIA 2007) (finding that in order to qualify as a refugee based on the birth of his children in the United States, a Chinese national was required to present evidence establishing that any sanctions imposed as a result of the birth would amount to persecution).

Here, Lin has provided no evidence that the birth of her children violated the family planning policy in Zhejiang, or that the implementation of sanctions resulting from any possible violation would rise to the level of persecution. *See In re C–C–*, 23 I. & N. Dec. at 901; *see also In re J–W–S–*, 24 I. & N. Dec. at 194. Accordingly, it was not an abuse of discretion for the BIA to find that Lin failed to demonstrate changed country conditions in China sufficient to warrant reopening of her case.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).