**DE ZHEN ZHENG, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney**

General,* Respondent.

No. 07–3914–ag.

United States Court of Appeals,
Second Circuit.

May 27, 2008.

Gary J. Yerman, New York, NY, for Petitioner.

Christopher C. Fuller, Senior Litigation Counsel, (Jeffrey S. Bucholtz, Acting Assistant Attorney General, Michael P. Lindemann, Assistant Director, on the brief), Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondent.

PRESENT: JOSÉ A. CABRANES, RICHARD C. WESLEY, J. CLIFFORD WALLACE,** Circuit Judges.

### SUMMARY ORDER

Petitioner De Zhen Zheng, a native and citizen of the People's Republic of China, petitions for review from an order of the BIA denying her motion to reopen removal proceedings. *See In re De Zhen Zheng*, A 73 037 279 (B.I.A. Aug. 28, 2007). The BIA denied Zheng's motion to reopen finding that it was untimely and that Chen did not qualify for an exception to the timeliness requirement because she had not shown changed circumstances arising in

her country of nationality under 8 C.F.R. § 1003.2(c)(3)(ii). In her petition, Zheng argues that the BIA abused its discretion by "ignor[ing] material evidence" and mischaracterizing her argument that she is eligible for the exception to the deadline for filing a motion to reopen on the basis of changed country conditions pursuant to 8 C.F.R. § 1003.2(c)(3)(ii). She argues that evidence she submitted regarding (1) the rigorous enforcement of the Chinese family planning policies; and (2) the birth of two of her children in the United States, establishes changed country conditions. Specifically, she argues that the evidence submitted regarding the more rigorous enforcement in her home province established changed country conditions and demonstrated that she would necessarily be affected by these policies because of the number of her U.S. born children exceeds the limits imposed by the policy. She also contends that she has demonstrated her eligibility for asylum, withholding of removal, and relief under the Convention Against Torture. We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34 (internal quotation marks omitted).

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

** The Honorable J. Clifford Wallace, United States Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

We disagree with petitioner that the Board failed to consider the evidence she submitted of changed country conditions. According to Zheng's motion, she filed the following documents to establish changed country conditions: (1) 2005 and 2006 country reports from the Department of State, which document the increased frequency of forced sterilization procedures and "for the first time confirm [ ] that incidents of forced sterilization occur[red] in the Fujian Province." Mot. to Reopen at 4; (2) a policy statement from the Administrative Office of China's National Population and Family Planning Committee of China as well as the Chang Le City Family Planning Q & A Handbook, confirming that Chinese couples with U.S.-born children will be forced to undergo sterilization. She also submitted various news articles, testimony, and other documents to establish that family planning policies are being enforced more rigorously today than at the time when Zheng filed her initial asylum application and that she will likely be forced to undergo sterilization upon her return to China because of her U.S.-born children. The BIA considered each of these documents in its order of August 28, 2007 and determined that they were not sufficient to establish changed country conditions within the meaning of 8 C.F.R. § 1003.2(c)(3)(ii).[1]

In addition, as we have previously noted, the birth of additional children constitutes a change of personal circumstances and does not establish changed country conditions required by 8 C.F.R. § 1003.2(c)(3)(ii). *See Guan v. BIA*, 345 F.3d 47, 49 (2d Cir.2003). Moreover, the BIA properly found that the evidence petitioner submitted of strict enforcement of the family planning policies does not establish changed country conditions. Accordingly, we conclude that the BIA did not abuse its discretion in denying the motion to reopen.

For the foregoing reasons, the petition for review is **DENIED** and the pending motion for a stay of removal is **DENIED** as moot.

---

1. The Board specifically referred to the second set of documents—the Administrative Office of China's National Population and Family Planning Committee of China and the Chang Le City Family Planning Q & A Handbook—in discussing its previous opinion in *Matter of S—Y—G—*, 24 I. & N. Dec. 247, 254 (BIA 2007) (rejecting the same documents as insufficient to establish changed country conditions). The Board also noted that the other documents petitioner submitted failed to demonstrate changed country conditions for the purposes of 8 C.F.R. § 1003.2(c)(3)(ii). While the Board did not mention the two country reports by name, its order indicates that the Board did not "ignore [ ]" the documents, Pet.'s Br. at 7.

