**ZI YING CHEN, Petitioner,**

v.

**Michael B. MUKASEY,[1] Respondent.**

No. 06–0782–ag.

United States Court of Appeals,
Second Circuit.

Sept. 12, 2008.

Michael Brown, New York, NY, for petitioner.

Stephen J. Murphy, United States Attorney, Kathryn McCarthy, Assistant United States Attorney, Detroit, MI, for respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. JOSÉ A. CABRANES and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Zi Ying Chen, a native and citizen of the People's Republic of China, seeks review of a February 3, 2006 order of the BIA denying her motion to reopen removal proceedings. *In re Zi Ying Chen,* No. A77 977 957 (B.I.A. Feb. 3, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty,* 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)).

The Immigration and Nationality Act and its implementing regulations provide that an individual must file a motion to reopen within ninety days of the issuance of a final administrative order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). This limitation, however, does not apply when the motion to reopen is filed in order to apply for asylum or withholding of removal based on changed circumstances arising in her country of

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as the respondent in this case.

nationality, if the evidence submitted is material and was unavailable and undiscoverable at the time of her hearing before the Immigration Judge ("IJ"). *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Here, it is undisputed that Chen's motion to reopen was untimely.

Chen argues that she nevertheless qualifies for an exception to the ninety-day filing deadline for motions to reopen because, under 8 C.F.R. § 1208.4, the birth of her children in the United States constitutes "changed circumstances ... that materially affect [her] eligibility for asylum." That argument is unavailing. Pursuant to 8 U.S.C. § 1158(a)(2)(D), an individual may file an untimely or successive asylum application based on changed circumstances, including changed personal circumstances, if she files such application while still in removal proceedings or within ninety days of the issuance of a final order of removal. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 156–57 (2d Cir.2008), *aff'g Matter of C–W–L*, 24 I. & N. Dec. 346 (BIA 2007). However, an individual "under a final removal order must file a successive asylum application in conjunction with a motion to reopen and in accordance with those procedural requirements." *Id.* Therefore, Chen was required to comply with the ninety-day filing deadline for motions to reopen or establish an exception to that deadline as delineated in the Act and regulations. *Id.* at 152–53. The relevant provisions of the Act and regulations, in turn, require a showing of changed country conditions. *See* 8 U.S.C. § 1229a (c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

Thus, the BIA properly found that the birth of Chen's children in the United States is a changed personal circumstance insufficient to justify reopening. *See Jian Huan Guan v. B.I.A.*, 345 F.3d 47, 49 (2d Cir.2003) (distinguishing the birth of chil-

dren in the United States, which are "changed personal circumstances," from the "changed country conditions" exception provided in the regulations for motions to reopen).

Chen also argues that the BIA abused its discretion and violated her due process rights by failing to consider evidence she submitted with her motion to reopen. These arguments, however, are meritless, as we will generally presume that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *See Xiao Ji Chen v. U.S.Dep't of Justice*, 471 F.3d 315, 338 n. 17 (2d Cir.2006). Here, Chen does not demonstrate that the evidence she submitted was material to her motion to reopen. Accordingly, we find that the BIA did not abuse its discretion in denying Chen's motion to reopen.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).