**Mislim NIKA, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

**No. 08–1325–ag.**

United States Court of Appeals, Second Circuit.

Oct. 20, 2008.

Sam Gjoni, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; David V. Bernal, Assistant Director, Ali Manuchehry, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Mislim Nika, an ethnic Albanian native and citizen of Montenegro, seeks review of a February 21, 2008 order of the BIA denying his motion to reopen. *In re Mislim Nika,* No. A70 897 438 (B.I.A. Feb. 21, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty,* 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). We find no abuse of discretion in this case.

A party may file only one motion to reopen removal proceedings, and must do so no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c)(1), (c)(2). However, this time limitation does not apply to a motion to reopen proceedings to apply or reapply for asylum "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

Here, it is undisputed that Nika's November 2007 motion to reopen was untimely. Nika argues, however, that the BIA abused its discretion by failing to find that country conditions in Montenegro had changed sufficiently to excuse the untimely filing of his motion. He further argues that the BIA erred in not considering all of the evidence in the record.[1] We find these arguments unavailing.

The BIA has an obligation to consider the "record as a whole," and it may be an abuse of discretion to deny a motion to reopen without addressing "all the factors relevant to [a] petitioner's claim." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 97 (2d Cir.2001). However, the Board is not required to "expressly parse and refute ... each individual ... piece of evidence offered by the petitioner." *Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006).

The BIA properly examined the evidence Nika submitted and found it insufficient to merit reopening. With respect to Nika's affidavit, the BIA observed that he had no personal knowledge of the events he described and did not explain how those events impacted his case. As to various media reports and reports by non-govern-

---

1. With his motion to reopen, Nika submitted evidence of his marriage to a U.S. citizen and the birth of their U.S. citizen children. Before this Court, Nika describes the hardship they would suffer by either being separated from him or accompanying him to Montenegro. It is well-settled that changes in an alien's personal circumstances do not suffice to demonstrate changed country conditions. *See Jian Huan Guan v. BIA,* 345 F.3d 47, 49 (2d Cir.2003).

mental organizations, the BIA concluded that they did not reflect worsening country conditions. These conclusions were neither arbitrary nor capricious. *See Ke Zhen Zhao*, 265 F.3d at 93. Finally, while Nika argues that his evidence reflected a pattern or practice of persecution against ethnic Albanians in Montenegro, we need not address that argument. Nika's failure to demonstrate a change in country conditions was fatal to his motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).

On this record, we cannot conclude that the BIA abused its discretion in evaluating Nika's evidence. *See Ke Zhen Zhao*, 265 F.3d at 93. Thus, we will not disturb its denial of Nika's motion to reopen.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).