**CHUN GUO, Petitioner,**

v.

**Eric H. HOLDER Jr., United States**

Holder, Jr. is automatically substituted as the respondent in this case.

Attorney General,[1] Respondent.

No. 08–0565–ag.

United States Court of Appeals,
Second Circuit.

March 24, 2009.

Oleh R. Tustaniwsky, Hualian Law Offices New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Blair T. O'Connor, Assistant Director; Remi Adalemo, Trial Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA
SOTOMAYOR, Hon. B.D. PARKER and
Hon. DEBRA ANN LIVINGSTON,
Circuit Judges.

### SUMMARY ORDER

Petitioner Chun Guo, a native and citizen of the People's Republic of China, seeks review of the January 2, 2008 order of the BIA denying his motion to reopen. *In re Chun Guo,* No. A77 281 436 (B.I.A. Jan. 2, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty,* 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). BIA regulations permit an alien to file one motion to reopen and require that it be filed within 90 days after the date on which a final administrative decision was rendered in the proceeding sought to be reopened. *See* 8 C.F.R. § 1003.2(c)(2). It is undisputed that Guo's motion to reopen was both untimely and numerically barred. However, the time limit does not apply to a motion to reopen that is "based on changed circumstances arising in the country of nationality or in the country to

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Such changes are regularly referred to as "changed country conditions" and distinguished from "changed personal circumstances." *Jian Huan Guan v. BIA,* 345 F.3d 47, 49 (2d Cir.2003).

The BIA reasonably found that Guo failed to establish changed country conditions. Here, the BIA referred to the "voluminous evidence" that Guo submitted in support of his motion but found it insufficient to demonstrate that country conditions had changed with respect to members of the Chinese Democracy Party ("CDP") since Guo's 2000 merits hearing.

In his brief before the Court, Guo argues that country conditions in China have worsened since his 2000 merits hearing due to the government's "crack down" on political dissidents who publish pro-democracy articles on the internet. However, as the government properly argues, Guo's argument lacks merit where he fails to demonstrate that China changed its policy toward political dissidents. Furthermore, in his brief before this Court, Guo argues that if he is returned to China, he will be arrested for his CDP-related activities in the United States. The only evidence he points to is the background material, and while that evidence indicates that when certain CDP members return to China, the government may arrest them for their pro-democracy activities abroad, it does not sufficiently demonstrate that the government is aware of Guo's activities or that it has targeted him for arrest. *See Hongsheng Leng v. Mukasey,* 528 F.3d 135, 142

(2d Cir.2008). Thus, "[i]n the absence of solid support for [Guo]'s assertion that he will be subjected to [persecution], [his] fear is speculative at best," *Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005), and we find no reason to disturb the agency's conclusion.

Finally, to the extent Guo argued that his proceedings should be reopened based on a change in his personal circumstances, the BIA properly found that argument to lack merit. *See Yuen Jin v. Mukasey,* 538 F.3d 143 (2d Cir.2008) (according *Chevron* deference to the BIA's decision in *Matter of C-W-L-,* 24 I. & N. Dec. 346 (BIA 2007)). Accordingly, we find that the BIA did not act arbitrarily or capriciously in denying Guo's motion to reopen.[2]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

**LIP YA THEN, Petitioner,**

**v.**

---

2. While Guo argues that the BIA erred in failing to consider whether he qualified for CAT relief, the BIA was not required to make this determination on the merits where he failed to make the threshold showing that country conditions had changed so as to warrant the reopening of his removal proceedings. *See* 8 C.F.R. § 1003.23(b)(1), (b)(4)(i).