SUMMARY ORDER

Petitioner Yan Lan Hong, a native and citizen of the People’s Republic of China, seeks review of the August 5, 2008 order of the BIA denying her motion to reopen. In re Yan Lan Hong, No. A 77 924 851 (B.I.A. Aug. 5, 2008). We assume the *99 parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006) (citing INS v. Doherty, 502 U.S. 314, 322-23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). Here, the BIA did not abuse its discretion in denying Hong’s motion to reopen as time and number barred. The regulations permit an alien to file one motion to reopen and require that it be filed within 90 days after the date on which a final administrative decision was rendered in the proceeding sought to be reopened. See 8 C.F.R. § 1003.2(c)(2). It is undisputed that Hong’s motion to reopen was both untimely and numerically barred. However, the time and numerical limits do not apply to a motion to reopen that is “based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing.” 8 C.F.R. § 1003.2(c)(3)(ii). Such changes are regularly referred to as “changed country conditions” and distinguished from “changed personal circumstances.” Jian Hitan Guan v. BIA, 345 F.3d 47, 49 (2d Cir.2003).
The BIA properly found that Hong’s decision to become a Jehovah’s Witness was a changed personal circumstance, not a changed country condition. See id. Moreover, we find no merit in Hong’s argument that the BIA ignored the evidence she submitted in concluding that she did not otherwise demonstrate changed country conditions. We have rejected the notion that the agency “must expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner.” Wei Guang Wang v. BIA 437 F.3d 270, 275 (2d Cir.2006)(internal quotation marks omitted). Here, the BIA referred to the evidence Hong submitted in support of her motion but found such evidence insufficient to demonstrate that country conditions had changed with respect to the treatment of Jehovah’s Witnesses in China. We find no error in that conclusion.
Accordingly, we conclude that the BIA did not act arbitrarily or capriciously in denying Hong’s motion to reopen.
For the foregoing reasons, the petition for review is DENIED. Having completed oúr review, we DISMISS the petitioner’s pending motion for a stay of removal as moot.