SUMMARY ORDER

Yeng Zheng and TianGong Zheng, natives and citizens of the People’s Republic of China, seek review of two orders of the BIA dated December 26, 2006 denying their joint motion to reopen. In re A74 973 844/78 731 678 (B.I.A. Dec. 26, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
I. Motion to Reopen
As a preliminary matter, we deny the petitioner’s motion to file supplemental materials. See 8 U.S.C. § 1252(b)(4)(A).
We conclude that the BIA did not abuse its discretion in denying the petitioners’ motion to reopen. The Immigration and Nationality Act (“INA”) provides that an individual must file a motion to reopen within ninety days of the issuance of a final administrative order of removal. See 8 U.S.C. § 1229a(c)(7)(C)(i); see also 8 C.F.R. § 1003.2(c)(2). This limitation does not apply, however, when the motion to reopen is filed in order to apply for asylum or withholding of removal based on changed circumstances in the movant’s country of nationality. See 8 U.S.C. § 1229a(c)(7)(C)(ii); see also 8 C.F.R. § 1003.2(c)(3)(ii). Here, it is undisputed that the motion to reopen was untimely as to both petitioners. Moreover, the BIA properly found that the birth of the petitioners’ child in the United States constituted a change in their personal circumstances, and not changed circumstances arising in their country of nationality. See Jian Huan Guan v. B.I.A., 345 F.3d 47, 49 (2d Cir.2003). While the petitioners argue that they qualify for an exception to the ninety-day filing deadline for motions to reopen pursuant to Shou Yung Guo v. Gonzales, 463 F.3d 109, 115 (2d Cir.2006), that argument is unavailing, because the documents that we addressed in Shou *16 Yung Guo are not in the record here. See Xiao Xing Ni v. Gonzales, 494 F.3d 260, 262 (2d Cir.2007); Jian Hui Shao v. Mukasey, 546 F.3d 138, 148-49, 151 (2d Cir.2008).
The petitioners also assert that worsened conditions for Falun Gong practitioners and China Democratic Party (CDP) members in China warrant reopening of their proceedings. However, the evidence they submitted fails to show any such change in circumstances in China. See 8 U.S.C. § 1229a(e)(7)(C)(ii); see also 8 C.F.R. § 1003.2(c)(3)(ii). Accordingly, we cannot conclude that the BIA abused its discretion in finding that the petitioners’ Falun Gong and CDP claims demonstrated only a change in personal circumstances. See Jian Huan Guan, 345 F.3d at 49.
II. Successive Asylum Application
The petitioners are not eligible to apply for a successive asylum application based on the birth of their child in the United States without submitting a motion to reopen that complies with the applicable statute and regulations. See Yuen Jin v. Mukasey, 538 F.3d 143, 156 (2d Cir.2008); Matter of C-W-L-, 24 I. & N. Dec. 346, 347 (BIA 2007).
For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner’s pending motion for a stay of removal as moot.