**CHEN LIN, Petitioner,**

v.

**Eric H. HOLDER Jr.,\* U.S. Attorney General, Respondent.**

**No. 08–3568–ag.**

United States Court of Appeals, Second Circuit.

June 24, 2009.

Vlad Kuzmin, New York, New York, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, John S. Hogan, Senior Litigation Counsel, Aimee J. Frederickson,

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

88

Trial Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JON O. NEWMAN, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Chen Lin, a native and citizen of the People's Republic of China, seeks review of the June 24, 2008 order of the BIA denying his motion to reopen. *In re Chen Lin*, No. A 77 957 782 (B.I.A. June 24, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). Here, the BIA did not abuse its discretion in denying Lin's motion to reopen as time-barred. BIA regulations permit an alien to file one motion to reopen and require that it be filed within 90 days after the date on which a final administrative decision was rendered in the proceeding sought to be reopened. *See* 8 C.F.R. § 1003.2(c)(2). It is undisputed that Lin's motion to reopen was filed well after the expiration of the 90–day period. However, the time limit does not apply to a motion to reopen that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Such changes are regularly referred to as "changed country conditions" and distinguished from "changed personal circumstances." *Jian Huan Guan v. BIA*, 345 F.3d 47, 49 (2d Cir.2003).

The BIA reasonably found that Lin failed to establish changed country conditions. In his brief, Lin argues that the BIA failed to "properly" review the background evidence that he submitted in support of his motion to reopen. Although the BIA did not parse each piece of evidence that Lin submitted, it was not required to do so. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006). Contrary to Lin's argument, none of the background evidence that he submitted demonstrated changed country conditions in China; rather, the evidence indicates China's persistent general intolerance for political dissidents.

For the foregoing reasons, the petition for review is DENIED.