**WU JIAN WENG a.k.a. Wu Jian Wong, Petitioner,**

v.

**ATTORNEY GENERAL & Board of Immigration Appeals, Respondent.**

**No. 07–5734–ag.**

United States Court of Appeals, Second Circuit.

Aug. 3, 2009.

---

98

Henry Zhang, Zhang and Associates, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Anh–Thu P. Mai–Windle, Senior Litigation Counsel; James A. Hurley, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Wu Jian Weng, a native and citizen of the People's Republic of China, seeks review of a December 18, 2007 order of the BIA, which denied his motion to reopen. *In re Wu Jian Wong*, No. A077 281 575 (B.I.A. Dec. 18, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Weng's untimely motion to reopen.

We decline to consider Weng's argument challenging the BIA's conclusion that he failed to demonstrate changed country conditions sufficient to excuse the time limitation for filing his motion to reopen, as he failed to present any such argument to the BIA, and the Government has pointed out that failure in its brief to this Court. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n. 1, 119–20 (2d Cir.2007) (describing issue exhaustion as a court-imposed, mandatory requirement, that is subject to waiver). We find no error in the BIA's determination that the birth of Weng's children in the United States are changed personal circumstances that do not fit within the exception to the time-bar for motions to reopen required by 8 C.F.R. § 1003.2(c)(3)(ii). *See Wei Guang Wang v. B.I.A.*, 437 F.3d 270, 273 (2d Cir.2006); *Jian Huan Guan v. B.I.A.*, 345 F.3d 47, 49 (2d Cir.2003). Weng's contention that he is eligible to file a successive asylum application fails. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 156, 158–59 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).