XIU FENG LIN, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Eric H. Holder Jr.,* Respondents.

No. 08–4212–ag.

United States Court of Appeals, Second Circuit.

Aug. 18, 2009.

Dehai Zhang, Flushing, NY, for Petitioner.

Tony West, Assistant Attorney General, Civil Division; Barry J. Pettinato, Assistant Director; Russell J.E. Verby, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiu Feng Lin, a native and citizen of the People's Republic of China, seeks review of a July 30, 2008 order of the BIA denying her motion to reopen. *In re Xiu Feng Lin,* No. A077 354 401 (B.I.A. July 30, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir. 2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as a respondent in this case.

Cir.2008). We find that the agency did not err in denying Lin's untimely motion to reopen.

In her brief to this Court, Lin argues that the BIA erred in requiring her to demonstrate changed circumstances in China, "which amounts to an insurmountable task for [her] to achieve." However, we have repeatedly found that the birth of children in the United States are changed personal circumstances insufficient to establish an exception to the time-bar for motions to reopen required by 8 C.F.R. § 1003.2(c)(3)(2). *See Wei Guang Wang v. B.I.A.*, 437 F.3d 270, 273 (2d Cir.2006); *Jian Huan Guan v. B.I.A.*, 345 F.3d 47, 49 (2d Cir.2003).

 While Lin's failure to establish changed country conditions is dispositive of her petition for review, we also note that we find no abuse of discretion in the BIA's evaluation of Lin's evidence and in its requirement of authentication, as the BIA questioned the reliability of Lin's evidence in light of the underlying adverse credibility determination rendered against her. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 148–49 (2d Cir.2007) (finding that the BIA's refusal to credit an unauthenticated document was not error because the rejection of the document was based substantially on legitimate credibility concerns and contrary evidence as opposed to being based solely on lack of authentication); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency). Indeed, we have previously reviewed the BIA's consideration of evidence similar to that which Lin has submitted in support of her motion and found no error in the agency's conclusion that such evidence is insufficient to establish either materially changed country conditions warranting exemption from the time limit for a motion to reopen or a *prima facie* claim of a well-founded fear of future persecution. *See Jian Hui Shao*, 546 F.3d at 169–72.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).