**GUI WEN PAN, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney**

General,* Respondent.

No. 08–0986–ag.

United States Court of Appeals, Second Circuit.

Nov. 6, 2009.

Yan Wang, New York, New York, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Mark C. Walters, Assistant Director; Anh–Thu P. Mai–Windle, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Gui Wen Pan, a native and citizen of the People's Republic of China, seeks review of a February 7, 2008 order of the BIA denying his motion to reopen. *In re Gui Wen Pan*, No. A072 474 811 (B.I.A. Feb. 7, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008).

■ We find that the agency did not abuse its discretion in denying Pan's untimely motion to reopen because it reasonably found that he failed to submit sufficient evidence of changed circumstances in China. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(2); *see Wei Guang Wang v. B.I.A.*, 437 F.3d 270, 273 (2d

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

Acting Attorney General Michael B. Mukasey as respondent in this case.

Cir.2006) (finding that the birth of children in the United States was a change in personal circumstances, and not changed circumstances under the regulations); *see Jian Huan Guan v. B.I.A.*, 345 F.3d 47, 49 (2d Cir.2003) (same).

While Pan argues that the evidence he submitted "show[s] the increased brutality of the enforcement of the population control policies of the Communist government," we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish either materially changed country conditions or an objectively reasonable fear of persecution. *See Jian Hui Shao*, 546 F.3d at 169–72; *Wei Guang Wang*, 437 F.3d at 275. Because the failure to establish changed country conditions provides a valid basis for denying a motion to reopen, we cannot find that the BIA abused its discretion here. *See Wei Guang Wang*, 437 F.3d at 273; *Jian Hui Shao*, 546 F.3d at 169.

Finally, we do not have jurisdiction to review the BIA's decision declining to *sua sponte* reopen Pan's proceedings because such a decision is "entirely discretionary." *See Azmond Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).